UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.F. PRAY, INC., | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:14-cv-14319-IT |
| EDISON PLAZA OP LLC, MILBROOK PROPERTIES LTD., | * |
| Defendants, | * |
| v. | * |
| PEOPLE'S UNITED BANK, | * |
| Trustee Process Defendant. | * |

ORDER

December 23, 2014

TALWANI, D.J.

Plaintiff D.F. Pray filed the original complaint in this case on December 1, 2014, in Massachusetts state court claiming (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) violations of Mass. Gen. Laws ch. 93A; and seeking an attachment of the goods, effects, or credits of Defendant Milbrook Properties in the amount of $255,117.13 in the possession of Trustee Process Defendant People's United Bank [see # 1]. On December 3, 2014, Defendants removed the case to this court.

On December 10, 2014, Defendants filed a motion to dismiss the complaint for, among other reasons, lack of personal jurisdiction [#11]. In its memorandum in support of the motion, Defendants argued that the court lacks personal jurisdiction over this matter because the original complaint failed to plead facts showing that Defendants had purposefully availed themselves of

the laws of the forum state such that they should anticipate being haled into court here. Mem. Law Supp. Defs.' Mot. Dismiss, 11. The question whether Defendants' have "purposefully availed" themselves of the laws of the forum state focuses on Defendants' intentionality and is "satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 621, 623–24 (1st Cir. 2001) (explaining that "[a] contract, by itself, cannot automatically establish minimum contacts" and that Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), established a "contract-plus" analysis).

On December 12, 2014, the court denied Plaintiff's motion for trustee process without prejudice, finding that, on the present record before the court, Plaintiff had not shown a reasonable likelihood of success on the merits [#19]. Thereafter, on December 23, 2014, Plaintiff filed an amended complaint, an opposition to Defendants' motion to dismiss, and a cross motion for trustee process, reasserting its request for a trustee process attachment [#21, 22].

In light of Plaintiff's filing an amended complaint, Defendants' motion to dismiss the original complaint is MOOT and Defendants' have twenty-one days to answer or file a motion under Federal Rule of Civil Procedure 12. With respect to Plaintiff's cross motion for trustee process [#22], the court again DENIES the motion without prejudice. Although the court reserves final judgment on the question of personal jurisdiction, the addition of jurisdictional facts in the amended complaint has not convinced the court that Plaintiffs have shown a reasonable likelihood of success on the merits.

IT IS SO ORDERED.

Date: December 23, 2014                                    /s/ Indira Talwani
                                                           United States District Judge